UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

KENNETH WILLIAM VINES, JR.,

        Plaintiff,

   v.

UNITED STATES OF AMERICA,

        Defendant.

NO. CIV. S-05-2370 FCD PAN

<u>MEMORANDUM AND ORDER</u>

----oo0oo----

    On February 5, 2008, defendant United States of America ("defendant" or "the government") filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff initially failed to file an opposition or response in compliance with Local Rule 78-230(c). Subsequently, after the court issued an Order to Show Cause and postponed the hearing date on defendant's motion, plaintiff Kenneth W. Vines ("plaintiff" or "Vines") filed an opposition and request for a continuance to permit further discovery pursuant to Rule 56(f).

For the reasons set forth below,[1] plaintiff's motion to continue the hearing on defendant's motion for summary judgment is GRANTED.

## BACKGROUND[2]

On October 26, 2005, plaintiff filed this medical malpractice complaint in Shasta County Superior Court against Thomas M. Keller, M.D. and the United States Department of Veterans Affairs, alleging that on April 21, 1999, defendants inserted an object into plaintiff's back during a spinal injury and negligently left the object there. (PUF ¶ 1). Plaintiff claims the retained object has caused him injuries. (PUF ¶ 1). The United States of America substituted itself as the defendant in place of its employee, Dr. Keller, and removed the case to this court. (PUF ¶ 2). The government has defended this medical malpractice lawsuit as an action under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80, and denies that it was negligent. (PUF ¶ 3).

On May 3, 2007, the court issued the operative Pretrial Scheduling Order ("PSO") in this case. (Pretrial Scheduling Order [Docket #32], filed May 3, 2007). The PSO provides that all discovery was to be completed by October 31, 2007, experts were to be designated by November 14, 2007, and supplemental expert

---

[1] Because oral argument will not be of material assistance, the court orders the matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

[2] Unless otherwise noted, the facts herein are undisputed. (See Plaintiff's Resp. to Def.'s Sep. Stmt. of Undisp. Facts ("PUF"), filed Mar. 7, 2008). Where the facts are disputed, the court recounts plaintiff's version of the facts. (See Pl.'s Stmt. of Genuine Issues ("PDF"), filed Mar. 7, 2008).

2

1  witness disclosures were to be filed by November 27, 2008.  (<u>Id.</u>
2  at 2).  The PSO provides that each designation or supplemental
3  designation shall be accompanied by a written report prepared and
4  signed by the witness.  (<u>Id.</u>)  The PSO further provides that
5  "[f]ailure of a party to comply with the disclosure schedule . .
6  . in all likelihood will preclude that party from calling the
7  expert witness at the time of trial."  (<u>Id.</u>)  The deadline for
8  hearing dispositive motions was set for March 7, 2008.  (<u>Id.</u> at
9  3).

10       On November 14, 2007, both plaintiff and defendant filed
11  designations/disclosures of expert witnesses.
12  (Designations/Disclosures [Docket #33-34], filed Nov. 14, 2007).
13  Plaintiff's disclosure identifies six non-retained expert
14  witnesses.  (PUF ¶ 10).  However, the disclosure did not include
15  any written reports, medical records, or other information, and
16  plaintiff has neither supplemented his witness disclosure nor
17  tendered any written reports or information.  (PUF ¶ 11).
18  Plaintiff failed to disclose any expert to establish the medical
19  standard of care applicable during the April 1999 surgery at
20  issue in this lawsuit or to establish how defendant deviated from
21  that standard of care.  (PUF ¶ 13).  Plaintiff also failed to
22  disclose any expert to establish that the object at issue is the
23  source of plaintiff's complaints of pain.  (<u>Id.</u>)

24       From December 2007 through January 2008, counsel for the
25  government and counsel for plaintiff exchanged communications
26  regarding the extension of discovery deadlines.  (Ex. D-J to
27  Decl. Marc C. Barulich in Opp'n to Def.'s Mot. for S.J.
28  ("Barulich Decl."), filed Mar. 7, 2008).  The communications

3

1  allude to the difficulty in scheduling the depositions of two of
2  defendant's witnesses, plaintiff's treating physicians in the
3  1999 surgery, because (1) Dr. Keller is no longer a federal
4  employee; and (2) Dr. Sipos is an active duty Air Force surgeon
5  currently stationed in Italy.  (Id.)  By letter dated January 4,
6  2008, the government represented that it would agree to the
7  extension of the deadline for expert discovery and all subsequent
8  dates, but would not agree to extend the initial or supplemental
9  disclosure dates.  (Ex. F to Barulich Decl.).  By letter dated
10 January 11, 2008, plaintiff's counsel asserted that he did not
11 agree with the proposal by the government because, until he was
12 able to take depositions of defendant's experts, he would not
13 have any evidence to present to an expert as a basis for an
14 opinion.  (Ex. G to Barulich Decl.).  Subsequently, by letter
15 dated January 15, 2008, the government again reiterated its
16 position that it would allow for an extension of expert discovery
17 cut-off, but would not agree to extension of the deadlines for
18 expert disclosure.  (Ex. H to Barulich Decl.).  At no time did
19 any party to this action file a stipulation regarding new
20 discovery deadlines or a motion to extend any of the deadlines
21 set forth in the PSO.
22     On February 5, 2008, the government filed a motion for
23 summary judgment based primarily upon plaintiff's lack of expert
24 testimony on the issues of duty and causation.  Plaintiff failed
25 to reply to this motion within the requisite time period as set
26 forth by the local rules.  In response to an Order to Show Cause
27 issued by the court, plaintiff's counsel and counsel's assistant
28 filed declarations addressing the failure to timely file a

4

response to defendant's motion.  Plaintiff's counsel and counsel's assistant assert that from January 31 to February 25, counsel's assistant took a leave of absence due to a family emergency and death.  (Decl. of Janice Hess in Resp. to Order to Show Cause ("Hess Decl."), filed Feb. 29, 2008, ¶¶ 2-3). Plaintiff's counsel also asserts that on February 24, 2008, two days *after* the response to defendant's motion for summary judgment was required to be filed, he experienced chest and arm pain while pheasant hunting at a private club.  (Decl. of Marc C. Barulich in Resp. to Order to Show Cause, filed Feb. 29, 2008, ¶ 4).  In compliance with the court's Order to Show Cause, plaintiff filed an opposition to defendant's motion on March 7, 2008.  In addition, plaintiff's counsel filed a Rule 56(f) declaration in support of plaintiff's request for more time to conduct discovery before the court adjudicates defendant's summary judgment motion.

**STANDARD**

When a party opposing a motion for summary judgment cannot present "facts essential to justify his opposition" to the motion, Rule 56(f) permits the party to submit an affidavit stating such reasons, and the court may continue or deny the motion if the opposing party needs to discover essential facts. Garrett v. City and County of San Francisco, 818 F.2d 1515, 1518 (9th Cir. 1987) (citing Hancock v. Montgomery Ward Long Term Disability Trust, 787 F.2d 1302, 1306 (9th Cir. 1986)). Specifically, Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify

5

>      the party's opposition, the court may refuse the
>      application for judgment or may order a continuance to
>      permit affidavits to be obtained or depositions to be
>      taken or discovery to be had or may make such other
>      order as is just.

Fed. R. Civ. Proc. 56(f). The burden is on the party seeking additional discovery to demonstrate that the information sought exists, and that it would prevent summary judgment. Nidds v. Schindler Elevator Corp., 113 F.3d 912, 921 (9th Cir. 1996), cert. denied, 118 S. Ct. 369 (1997). The moving party must also demonstrate that it diligently pursued previous discovery opportunities. Qualls v. Blue Cross of California, 22 F.3d 839, 844 (9th Cir. 1994). The Ninth Circuit has noted that "denial of a Rule 56(f) application is generally disfavored where the party opposing summary judgment makes (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing the information sought actually exists." Visa Int'l Serv. Ass'n v. Bankcard Holders of Am., 784 F.2d 1472, 1475 (9th Cir. 1986).

**ANALYSIS**

Plaintiff presents evidence, through the declaration of his counsel, that he needs more time to conduct discovery, designate experts, and conduct expert discovery. Specifically, plaintiff asserts that he needs to obtain defendant's pre-op radiological records to determine whether the subject sponge was present prior to the April 1999 surgery and take the depositions of Dr. Keller and Dr. Sipos. (Barulich Decl. ¶ 16). Plaintiff's counsel asserts that if the subject sponge was present prior to the April 1999 surgery, the case will be dismissed. (Id.) Moreover, plaintiff's counsel asserts that he was not able to retain

experts because he was not able to depose Dr. Keller and Dr. Sipos. (Id. ¶ 23). Counsel asserts that without this deposition testimony he was not able to give sufficient evidence to potential expert witnesses to form a basis for expert opinion. (See id.; Pl.'s Opp'n to Mot. for S.J. ("Pl.'s Opp'n"), filed Mar. 7, 2008, at 5). As such, plaintiff has met his burden of demonstrating that specific additional discovery is needed (1) to uncover critical and potentially dispositive information regarding whether defendant caused the sponge to be lodged in plaintiff's spine; and (2) to retain and disclose necessary expert witnesses on the issues of duty and causation. See Garrett, 818 F.2d 1515, 1518-19 (9th Cir. 1987) (holding that plaintiff satisfied the requirements of Rule 56(f) where plaintiff's declaration made clear that he sought personnel records for the purpose of demonstrating that similarly situated employees were being treated different on the basis of race).

Plaintiff's counsel contends that he "was clearly lulled into believing" that the parties would have more time to conduct discovery and that he would have more time to disclose supplemental experts based upon the depositions of defendant's experts. His belief represents a clear misunderstanding of the court's scheduling order and the communications between the government and himself. The PSO establishes that (1) fact discovery closed prior to expert designations; (2) expert disclosures and designations require written reports and were to be filed prior to expert discovery; and (3) all expert discovery was to be completed by January 4, 2008. Moreover, the communications between the government and plaintiff's counsel

show that the government's unwavering position was that defendant was amenable to the extension of expert discovery and subsequent dates, but did not agree to the extension of expert disclosures. When this became clear, plaintiff should have filed a motion to modify the PSO to extend all dates, including expert designation and disclosures. However, plaintiff did not do so. Instead, plaintiff now accuses the government of bad faith litigation tactics. (Barulich Decl. ¶ 24; Pl.'s Opp'n at 6). The court does not take such accusations lightly and nor should plaintiff.

However, based upon the record of communications between plaintiff's counsel and the government from early December 2007 through January 2008, and based upon the representations of the personal issues of plaintiff's counsel and his assistant that arose during February 2008, the court finds that plaintiff's counsel was sufficiently diligent in attempting to work out discovery disputes with opposing counsel and in pursuing such discovery to support a continuance of the pending motion for summary judgment. See Noyes v. Kelly Servs., 488 F.3d 1163, 1174 (9th Cir. 1007) (stating that counsel often agree to continuances as a matter of courtesy and holding that it was an abuse of discretion to deny plaintiff's Rule 56(f) motion where plaintiff timely noticed the deposition, defendant had requested it be delayed on multiple occasions, and the deponent failed to appear as scheduled).

Therefore, because plaintiff has sufficiently demonstrated that additional discovery is essential to justify his opposition to plaintiff's motion and because plaintiff's counsel was sufficiently diligent in pursuing discovery in this matter, the

8

court continue's defendant's motion for summary judgment pending further discovery in accordance with this order.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion to continue defendant's motion for summary judgment pending further discovery pursuant to Rule 56(f) is GRANTED.  Additional discovery shall be completed in conformance with the court's May 3, 2007 PSO[3] and as set forth below:

(1) All discovery shall be **completed** by **April 18, 2008**.  In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.  All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court.

(2) Counsel are to designate in writing, file with the court, and serve upon all other parties the name, address, and area of expertise of each additional expert that they propose to tender at trial not later than **May 2, 2008**.  <u>The designation shall be accompanied by a written report prepared and signed by the witness</u>.  The report shall comply with Fed. R. Civ. P. 26(a)(2)(B).  By **May 16, 2008**, any party who previously disclosed expert witnesses may submit a supplemental list of expert witnesses who will express an opinion on a subject

---

[3] The court's PSO remains valid and in effect to the extent it is not modified by this order.  However, the dates set forth in the May 3, 2007 PSO are vacated.

9

1 covered by an expert designated by an adverse party, if the
2 party supplementing an expert witness designation has not
3 previously retained an expert to testify on that subject.
4 <u>The supplemental designation shall be accompanied by a</u>
5 <u>written report which shall also comply with the conditions</u>
6 <u>as stated above</u>.
7 (3) Failure of a party to comply with the disclosure schedule as
8 set forth above in all likelihood <u>will preclude that party</u>
9 <u>from calling the expert witness at the time of trial</u>.  An
10 expert witness not appearing on the designation will not be
11 permitted to testify unless the party offering the witness
12 demonstrates: (a) that the necessity for the witness could
13 not have been reasonably anticipated at the time the list
14 was proffered; (b) that the court and opposing counsel were
15 promptly notified upon discovery of the witness; and (c)
16 that the witness was promptly made available for deposition.
17 (4) For purposes of this order, an "expert" is any person who
18 may be used at trial to present evidence under Rules 702,
19 703, and 705 of the Federal Rules of Evidence, which <u>include</u>
20 <u>both "percipient experts"</u> (persons who, because of their
21 expertise, have rendered expert opinions in the normal
22 course of their work duties or observations pertinent to the
23 issues in the case) <u>and "retained experts"</u> (persons
24 specifically designated by a party to be a testifying expert
25 for the purposes of litigation).  Each party shall identify
26 whether a disclosed expert is percipient, retained, or both.
27 It will be assumed that a party designating a retained
28 expert has acquired the express permission of the witness to

     be so listed.  Parties designating percipient experts must state in the designation who is responsible for arranging the deposition of such persons.

(5) <u>All experts designated are to be fully prepared at the time of designation to render an informed opinion, and give their bases for their opinion, so that they will be able to give full and complete testimony at any deposition taken by the opposing party.  Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation</u>.

(6) All expert discovery shall be completed by **June 13, 2008**.

(7) All dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be heard no later than **August 22, 2008**.

(8) The Final Pretrial Conference is set for **October 17, 2008** at **1:30**.

(9) The trial is set for **December 9, 2008**, at **9:00 a.m.**

     IT IS SO ORDERED.

DATED: March 24, 2008.

_____
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE

11